Douglas S. Gilliland, Esq.  (SBN 157427)
THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
Tel.: (619) 878-1580, E-fax: (619) 878-6630

Attorneys for Plaintiff CHARLES GOODSELL

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GOODSELL, an individual, <br><br> plaintiff, <br><br> v. <br><br> CITY OF SAN DIEGO, ERIK POLLOCK (ID #5494), an individual, and DOES 1-15, inclusive, <br><br> defendants. | Case No.: '18CV2340 CAB BGS <br><br> **COMPLAINT FOR:** <br><br> 1. Excessive Force <br>    42 U.S.C. § 1983 <br><br> 2. False Arrest <br>    42 U.S.C. § 1983 <br><br> 3. Bane Civil Rights Act <br>    Civil Code § 52.1 |

COMES NOW, plaintiff CHARLES GOODSELL, an individual, by and through his attorneys of record, and THE GILLILAND FIRM, by Douglas S. Gilliland, Esq., and alleges as follows:

## I.
## JURISDICTION AND VENUE

1. The United States District Court, in and for the Southern District of California, has original jurisdiction over the causes of action pled herein under 42 U.S.C. § 1983, and pursuant to 28 U.S.C. § 1343(a)(3), and by the federal questions raised therein pursuant to 28 U.S.C. § 1331. The United States District Court, in and for the Southern District of California, has supplemental jurisdiction over the state law cause of action pled herein pursuant to 28 U.S.C. § 1367(a). Venue of this controversy is proper in the United States District Court, in and for Southern District of California, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in the Southern District of California.

## II.
## GENERAL ALLEGATIONS

2. At all times relevant to this Complaint, plaintiff CHARLES GOODSELL, was an individual residing in San Diego County, California.

3. At all times relevant to this Complaint, Defendant CITY OF SAN DIEGO, was a municipal corporation created by the Charter of the City of San Diego, California in 1889, approved by the voters on April 7, 1931, and adopted by the State Legislature on April 15, 1931, which created, in part, the San Diego Police Department for which the CITY OF SAN DIEGO is responsible.

4. At all times relevant to this Complaint, defendant ERIK POLLOCK was employed by the City of San Diego as a San Diego police officer, badge number 5494, and was an individual and a resident of San Diego County, California.

5. Plaintiff is ignorant of the true names, identities and capacities of DOES 1 through 15, inclusive.  Therefore, plaintiff sues these defendants under the fictitious designations of DOES 1 through 15.  Plaintiff will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## III.

## FACTS

6. Plaintiff CHARLES GOODSELL is a 64-year-old man that lives with his wife Kim Goodsell in Carlsbad, California.  The Goodsells are a health-conscious couple and avid bike riders.

7. Mr. GOODSELL left their family home on February 4, 2018 for his customary Sunday morning bike ride.  On that morning, Mr. GOODSELL followed his usual route by riding westbound on Tamarack Avenue until he reached the Pacific Ocean.  He then turned southbound onto Carlsbad Boulevard which eventually turns into Highway 101, also know as the Coast Highway.  Mr. GOODSELL traveled southbound on the Coast Highway through the beach cities of Encinitas, Solana Beach, and Del Mar.  It was a sunny, warm, and clear morning in San Diego County.

8. Leaving Del Mar, Mr. GOODSELL continued south on the Coast Highway toward Torrey Pines State Beach.  At Torrey Pines State Beach, the traffic continues southbound up a hill towards the Torrey Pines Golf Course.  However, many cyclists veer right onto the entrance road to the Torrey Pines State Beach parking lot.  After passing the parking kiosk, most vehicular traffic turns left into the parking lot.  However, the bike riders are able to continue straight and ride up a very challenging hill known as the Torrey Pines Grade.  The Torrey Pines Grade ascends over 350 feet of elevation in less than eight-tenths of a mile.  It peaks at the Torrey Pines Visitor Center and Museum Shop at the top of the cliffs in the Torrey Pines Reserve.

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580   FAX (619) 878-6630

9. That morning, Mr. GOODSELL entered the park on the entrance road behind two cars. He coasted past the parking kiosk behind the two cars that were traveling approximately two miles per hour. Both cars turned left into the parking lot and Mr. GOODSELL prepared to ascend the Torrey Pines Grade. The Torrey Pines Grade is a two-lane winding road with one lane of travel in each direction. The lanes are separated by a painted line. There is very little automobile traffic on the Torrey Pines Grade because it is not a through street. It ends, for automobile traffic, at the top of the hill at the Torrey Pines Visitor Center and Museum Shop and the preserve trails.

10. As Mr. GOODSELL began his climb up the Torrey Pines Grade, defendant officer ERIK POLLOCK was in a full San Diego police uniform and driving a fully marked San Diego police department SUV. He pulled out of a dirt turnout on the downhill side of the road and then pulled his SUV into Mr. GOODSELL's uphill lane blocking his ride.

11. Mr. GOODSELL came to a stop and Officer POLLOCK exited his SUV. He told Mr. GOODSELL that he did not bring his bike to a complete stop at a stop sign near the parking lot. Officer POLLOCK asked Mr. GOODSELL to produce identification and told Mr. GOODSELL to put his bike on the ground. Mr. GOODSELL's bike was very expensive and he said he did not want to put it on the ground. Officer POLLOCK wrote that he felt that was a ruse and he thought Mr. GOODSELL was going to flee. Officer POLLOCK wrote in his report that he thought Mr. GOODSELL was "under the influence of a controlled substance" and was likely a candidate for a 72-hour involuntary psychiatric hold pursuant to California Welfare and Institutions Code section 5150.

12. Officer POLLOCK wrote that he saw Mr. GOODSELL tensing his upper body which he was trained to believe was "a precursor to a physical assault." Mr. GOODSELL was 63 years old at the time and was 5 feet 9 inches tall and weighed 155 pounds. Officer POLLOCK is 6 feet 3 inches tall, is in his 30s, and

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580   FAX (619) 878-6630

was a former military police officer in the United States Army, and a former San Diego County Sheriff Deputy.

13. GOODSELL set his bike on the ground and then laid on the ground with his hands outstretched and told officer POLLOCK to do whatever he needed to do, or words to that effect. Officer POLLOCK ordered Mr. GOODSELL to get up. He then grabbed Mr. GOODSELL and threw him onto the front of his SUV putting Mr. GOODSELL in a carotid restraint. He was choking Mr. GOODSELL so hard that Mr. GOODSELL could barely make a sound. Office POLLOCK then pulled one of Mr. GOODSELL's arm behind his back and started the process of handcuffing Mr. GOODSELL. Officer POLLOCK wrote that "I noticed a crowd gathering and heard a woman yelling I was choking Goodsell." He also wrote that he "could hear Goodsell yelling in a hoarse voice for bystanders to help him." Officer POLLOCK then handcuffed Mr. GOODSELL.

14. Mr. GOODSELL was then transported to Palomar Hospital in Poway to be evaluated for a 72-hour involuntary psychiatric hold pursuant to section 5150. Mr. GOODSELL arrived at the psychiatric ward of Palomar Hospital at 9:21 a.m. The section 5150 assessment began at 9:30 a.m. The assessment was completed at 10:44 a.m. and Mr. GOODSELL was cleared to be released. He was then given his cell phone back and he was able to call his wife Kim. Until then, she had no idea why her husband had not returned from his bicycle ride.

15. Kim Goodsell took her husband to the UCSD Emergency Department in La Jolla. X-Rays were taken of Mr. GOODSELL's forearm and chest. He was diagnosed with "CONTUSION OF RIGHT CHEST WALL, INITIAL ENCOUNTER, SPRAIN ELBOW/FOREARM, LEFT, INITIAL ENCOUNTER, and CONTUSION OF NECK, INITIAL ENCOUNTER."

16. Mr. GOODSELL filed his Claim Against the City of San Diego on April 20, 2018. That claim has been denied and he has exhausted his administrative remedies.

Complaint

# IV.

# FIRST CAUSE OF ACTION

## Excessive Force – 42 U.S.C. § 1983

### [Against ERIK POLLOCK, CITY OF SAN DIEGO, and DOES 1-5]

Plaintiff CHARLES GOODSELL incorporates by reference all prior allegations pled in this complaint.

17. Defendant ERIK POLLOCK, and DOES 1-5, acting under color of state law, deprived Mr. GOODSELL of his clearly established federal constitutional right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures caused by the use of objectively unreasonable and excessive force against Mr. GOODSELL. The excessive force is evidenced by administering holds, a carotid choke hold, choking, forcing Mr. GOODSELL off the ground, twisting his arms, and handcuffing Mr. GOODSELL in an excessively tight and unreasonable manner. The force was used without warning, when Mr. GOODSELL was not an immediate threat to the safety of the officer or others, and while Mr. GOODSELL was not resisting nor attempting to evade arrest by flight.

18. Defendant CITY OF SAN DIEGO has created a *de facto* policy of lawlessness by failing to supervise its officers' actions against citizens. The CITY OF SAN DIEGO had knowledge of the same or similar actions by this and other officers for which the CITY OF SAN DIEGO routinely ignores and fails to meaningfully investigate and discipline its officers, and fails to take any meaningful action on complaints made on their form: Claim Against the City of San Diego. This failure to supervise, investigate, and discipline has created lawlessness within their police force and its longstanding practice has made the conduct of defendant POLLOCK standard operating procedure and custom within the San Diego police department.

///

19. Defendant POLLOCK's, and DOES 1-5's, use of unreasonable and excessive force against Mr. GOODSELL was both a cause-in-fact and proximate cause of damages to Mr. GOODSELL, including physical pain, suffering, emotional distress, and loss of liberty. Defendant CITY OF SAN DIEGO's custom and practice alleged above are also both a cause-in-fact and proximate cause of damages to Mr. GOODSELL, including physical pain, suffering, emotional distress, and loss of liberty.

20. The conduct of defendant POLLOCK, and DOES 1-5, constituting the use of excessive force justifies the imposition of punitive damages against defendant POLLOCK, and DOES 1-5, to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of Mr. GOODSELL's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Mr. GOODSELL. The conduct was oppressive because it injured and/or damaged Mr. GOODSELL and/or violated Mr. GOODSELL's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by the defendants. The conduct was with a conscious disregard of Mr. GOODSELL's rights because, under the circumstances, it reflected a complete indifference to Mr. GOODSELL's safety or rights.

## V.

## SECOND CAUSE OF ACTION

## False Arrest – 42 U.S.C. § 1983

### [Against ERIK POLLOCK, and DOES 6-10]

Plaintiff CHARLES GOODSELL incorporates by reference all prior allegations pled in this complaint.

21. Defendants ERIK POLLOCK, and DOES 6-10, acting under color of state law, deprived Mr. GOODSELL of his clearly established federal constitutional rights under the Fourth Amendment to the Constitution of the United

States to be free from unreasonable searches and seizures, by arrest without a warrant, and not to be subjected to an involuntary psychiatric hold without probable cause, by handcuffing and seizing Mr. GOODSELL and transporting him to Palomar Hospital for an involuntary psychiatric evaluation.  The seizure was made without probable cause to believe a crime had been committed nor was Mr. GOODSELL a threat to himself or others because these defendants lacked knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a reasonably prudent officer to believe that Mr. GOODSELL had committed a crime or was a threat to himself or others.

22. Defendant CITY OF SAN DIEGO has created a *de facto* policy of lawlessness by failing to supervise its officers' actions against citizens.  The CITY OF SAN DIEGO had knowledge of the same or similar actions by this and other officers for which the CITY OF SAN DIEGO routinely ignores and fails to meaningfully investigate and discipline its officers, and fails to take any meaningful action on complaints made on their form: Claim Against the City of San Diego.  This failure to supervise, investigate, and discipline has created lawlessness within their police force and its longstanding practice has made the conduct of defendant POLLOCK standard operating procedure and custom within the San Diego police department.

23. Defendants ERIK POLLOCK's, and DOES 6-10's, seizure of Mr. GOODSELL was both a cause-in-fact and proximate cause of damages to Mr. GOODSELL, including physical pain, suffering, emotional distress, and loss of liberty.  Defendant CITY OF SAN DIEGO's custom and practice alleged above are also both a cause-in-fact and proximate cause of damages to Mr. GOODSELL, including physical pain, suffering, emotional distress, and loss of liberty.

24. The conduct of defendants ERIK POLLOCK, and DOES 6-10, justifies the imposition of punitive damages against defendant ERIK POLLOCK, and DOES 6-10, to punish them and deter them from engaging in similar conduct

in the future, because their conduct was malicious, oppressive and/or in reckless disregard of Mr. GOODSELL's rights. The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. GOODSELL. The conduct was oppressive because it injured or damaged Mr. GOODSELL or violated Mr. GOODSELL's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants. The conduct was with a conscious disregard for Mr. GOODSELL's rights because, under the circumstances, it reflected a complete indifference to Mr. GOODSELL's safety or constitutional rights.

## VI.

## THIRD CAUSE OF ACTION

### The Bane Act – Civil Code § 52.1

### [Against ERIK POLLOCK, and DOES 11-15]

Plaintiff CHARLES GOODSELL incorporates by reference all prior allegations pled in this complaint.

25.     Defendants ERIK POLLOCK, and DOES 11-15, whether or not acting under of color of state law, interfered by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with Mr. GOODSELL's exercise and/or enjoyment of his rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures caused by the use of objectively unreasonable and excessive force against Mr. GOODSELL, and to be free from unreasonable searches and seizures, by seizure without a warrant, and not to be subjected to an involuntary psychiatric hold without probable cause, by administering holds, including a carotid choke hold, choking, forcing Mr. GOODSELL off the ground, twisting his arms, and by handcuffing and seizing Mr. GOODSELL and transporting him to Palomar Hospital for an involuntary psychiatric evaluation

/ / /

Complaint

26. Defendants ERIK POLLOCK's, and DOES 11-15's, interference by threat, intimidation, or coercion, and/or attempted to interference by threat, intimidation, or coercion, with Mr. GOODSELL's exercise and/or enjoyment of his rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures by using objectively unreasonable and excessive force against Mr. GOODSELL, and to be free from unreasonable seizures without a warrant and not to be subjected to an involuntary psychiatric hold without probable cause, by administering holds, a carotid choke hold, choking, forcing Mr. GOODSELL off the ground, twisting his arms, and handcuffing Mr. GOODSELL in an unreasonable fashion, and by handcuffing and seizing Mr. GOODSELL and transporting him to Palomar Hospital for an involuntary psychiatric evaluation was both a cause-in-fact and proximate cause of damages to Mr. GOODSELL, including physical pain, suffering, emotional distress, and loss of liberty.

27. The conduct of defendants ERIK POLLOCK, and DOES 11-15, justifies the imposition of punitive damages against defendant ERIK POLLOCK, and DOES 11-15, to punish them and deter them from engaging in similar conduct in the future, because their conduct was malicious, oppressive or in reckless disregard of Mr. GOODSELL's rights. The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. GOODSELL. The conduct was oppressive because it injured or damaged Mr. GOODSELL or violated Mr. GOODSELL's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants. The conduct was with a conscious disregard for Mr. GOODSELL's rights because, under the circumstances, it reflected a complete indifference to Mr. GOODSELL's safety or constitutional rights.

/ / /

/ / /

WHEREFORE plaintiff CHARLES GOODSELL, prays for relief as follows:

1. General damages according to proof at the time of trial;
2. Special damages according to proof at the time of trial;
3. Attorney fees pursuant to 42 U.S.C. § 1988,
4. Attorney fees pursuant to California Civil Code § 52.1(h),
5. Punitive damages against ERIK POLLOCK,
6. Costs of suit incurred herein and interest; and
7. Any further equitable or legal relief that this Court deems just and appropriate.

DATED: October 11, 2018              THE GILLILAND FIRM

s/ Douglas S. Gilliland
Douglas S. Gilliland, Esq.,
for plaintiff CHARLES GOODSELL

11

Complaint

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Goodsell, Charles

### DEFENDANTS
City of San Diego and Pollock, Erik, an individual

**(b)** County of Residence of First Listed Plaintiff: **San Diego**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **San Diego**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Douglas S. Gilliland, Esq., 402 West Broadway, Suite 1760
San Diego, CA 92101, (619) 878-1580

Attorneys *(If Known)*

'18CV2340 CAB BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
Excessive force, false arrest

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 500,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/11/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ Douglas S. Gilliland

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____